**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>vs.<br>BERT WAYNE DAVISSON,<br>Defendant. | Case No. 2:16-cr-00265-GMN-NJK<br>REPORT AND RECOMMENDATION<br>(Docket No. 1898) |

This matter was referred to the undersigned Magistrate Judge on Defendant Bert Wayne Davisson's motion to dismiss counts 7 and 9 of the superseding indictment. Docket No. 1898. The Court has considered Defendant's motion, the United States' response, and Defendant's reply. Docket Nos. 1898, 1946, 1971.

## I. BACKGROUND

On June 14, 2017, a federal grand jury sitting in Las Vegas, Nevada issued a superseding indictment, charging Defendant, along with 22 other defendants with eleven counts. Docket No. 13. Included in that superseding indictment are Count Six, which alleges kidnapping, in violation of 18 U.S.C. §§ 1959(a)(1) and 2; Count Seven, which alleges using and carrying a firearm during and in relation to a crime of violence, i.e., the kidnapping alleged in count six, in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2; Count Eight, which alleges assault, in violation of 18 U.S.C. §§ 1959(a)(3) and 2: and Count Nine, which alleges using and carrying a firearm during and in relation to a crime of violence, i.e., the assault alleged in count eight, in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2.

## II. ANALYSIS

A "crime of violence" for the purpose of a § 924(c) charge is defined in §924(c)(3) as "an offense that is a felony and –

    (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

    (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

On June 24, 2019, after the superseding indictment in this case was issued, the United States Supreme Court held that 18 U.S.C. § 924(c)(3)((B) – the "residual clause" definition of "crime of violence" is unconstitutionally vague.[1] *United States v. Davis*, 139 S. Ct. 2319, 2336 (2019).

Defendant now submits that the kidnapping alleged in count six and the assault alleged in count eights no longer qualify as crimes of violence and asks the Court to dismiss counts seven and nine. *See* Docket No. 1898. Specifically, Defendant submits that a violence crime in aid of racketeering does not categorically qualify as a crime of violence. *Id*. at 3. Defendant submits that Courts use the categorical approach to make this determination and that an agreement among co-conspirators to commit an act does not categorically qualify under the elements clause, 18 U.S.C. § 924(c)(3)((A). *Id*. Defendant further submits that the Ninth Circuit has already determined that kidnapping does not qualify as a crime of violence under the elements clause. *Id*. at 4. Finally, Defendant submits that assault does not categorically qualify as a crime of violence under the elements clause. *Id*. at 5. Therefore, Defendant submits, the 924(c) counts relating to

---

[1]     Subparagraph (A) is known as the "elements clause."

those two charges, are inappropriate and he asks the Court to dismiss counts seven and nine of the superseding indictment. *Id*. at 5-6.

In response, the United States concedes that kidnapping does not qualify as a crime of violence under the residual clause. Docket No. 1946 at 4-8. Therefore, the United States agrees with Defendant's request to dismiss Count Seven of the superseding indictment. *Id*. at 8. The United States submits, however, that the assault charged in count eight qualifies as a crime of violence under the elements clause. *Id*. at 8-9. The United States submits that, though the crime alleged in count 8 is the "generic VICAR" assault, the conduct charged in that count is criminalized in Nevada as battery with substantial bodily harm. *Id*. at 8, n. 4. The United States further submits that the Ninth Circuit has held that Nevada's attempted battery with substantial bodily harm statute constitutes a crime of violence under United States Sentencing Guideline § 4B1.2(a)(1) which, the United States submits, is analogous to 18 U.S.C. §924(c). *Id*. at 8 (citing *United States v. Fitzgerald*, 935 F.3d 814, 817 (9th Cir. 2019)). Finally, the United States submits that the Ninth Circuit has held that a person who commits assault resulting in bodily injury "necessarily must have committed an act of force causing the injury" and, therefore, the offense constitutes "a crime of violence under the elements clause in 18 U.S.C. § 16(a)." *Id*. at 9 (citing *United States v. Juvenile Female*, 566 F.3d 943 (9th Cir. 2009)).

In reply, Defendant submits that the United States has conceded that count seven must be dismissed. Docket No. 1971 at 2. As to count nine, Defendant submits that the United States' argument is based on *Fitzgerald* and *Juvenile Female*, and that no court has determined whether battery resulting in substantial bodily harm constitutes a crime of violence. *Id*. at 2-3. Defendant submits that Nevada's battery with substantial bodily harm statute is not a crime of violence because it includes as one of its definitions "prolonged physical pain." *Id*. at 3. According to

Defendant, this definition indicates that substantial bodily injury may occur with no violent, physical force. *Id*. Therefore, Defendant submits, the offense fails to categorically qualify as a crime of violence. *Id*. at 3-4. Defendant further submits that the Court "essentially acknowledged" in *Juvenile Female* that "physical force may not be an element" of the offense of battery with substantial bodily injury, his case is distinguishable from that case and does not constitute a crime of violence.

In order to qualify as a crime of violence under the elements clause, the offense must have as an element the use, attempted use, or threatened use of "*violent* [physical force – that is, force capable of causing physical pain or injury to another person." *Johnson v. United States*, 559 U.S. 133, 140 (2010); *Davis*, 1396 S.Ct. at 2325-2326 (applying Johnson to § 924(c)). To determine whether an offense qualifies as a "crime of violence" under section 924(c)(3), the Ninth Circuit applies the "categorical approach" set forth in *Taylor v. United States*, 495 U.S. 575 (1990). *See United States v. Piccolo*, 441 F.3d 1084, 1086–87 (9th Cir.2006) ("In the context of crime of violence determinations under section 924(c), our categorical approach applies regardless of whether we review a current or prior crime").

Under the categorical approach, "the more specific question is whether the least serious form of the offense meets the *Johnson* standard." *United States v. Gobert*, 943 F.3d 878, 881 (9th Cir. 2019). The defendant in *Gobert* made the same argument that Defendant makes here regarding whether violent, physical force must be used for an offense to qualify as a crime of violence. The *Gobert* Court stated that it has "addressed this precise assertion twice before and rejected it both times. *Gobert*, 943 F.3d at 881. The Court specifically stated that, in *Juvenile Female*, 566 F.3d at 948, it "held that assault with a dangerous weapon under a statute worded similarly to § 113(a)(3) was a crime of violence under the elements clause of 18 U.S.C. § 16(a),

which is identical to § 924(c)(3)(A)'s elements clause. We there held that a defendant charged with 'assault with a deadly or a dangerous weapon, must have always threatened the use of physical force.'" *Gobert*, 943 F.3d at 881.

Additionally, the Ninth Circuit specifically rejected Defendant's "prolonged pain" argument regarding Nevada's battery with substantial bodily injury statute in *Fitzgerald* to find that the statute qualifies as a crime of violence under U.S.S.G. § 4B1.2(a). Fitzgerald, 935 F.3d at 817. The "elements" clause of 4B1.2(a) is identical to the "elements" clause of 924(c), with the exception that 4B1.2(a) makes no reference to the property of another, thus making 4B1.2(a) more restrictive than 924(c)(3)(A). *Id*. at 816. As the Ninth Circuit has already determined that Nevada's battery with substantial bodily harm statute constitutes a crime of violence under a nearly identical, yet more restrictive, elements clause, this Court is bound to make the same determination that the statute constitutes a crime of violence.

**III. CONCLUSION**

Based on the foregoing and good cause appearing therefore,

**IT IS RECOMMENDED** that Defendant's motion to dismiss counts seven and nine be **GRANTED** as to count seven and **DENIED** as to count nine.

DATED: December 30, 2019.

NANCY J. KOPPE
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

This report and recommendation is submitted to the United States district judge assigned to this case pursuant to 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation must file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).